CARTER v. BUILDERS' CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. November 19, 1909.)

1. COSTS (§ 197*)—TAXATION BY CLERK—CONSTRUCTION OF STATUTE.

Code Civ. Proc. § 3262, giving the clerk power to tax costs upon the application of a party and without an express order of court, applies to cases in which costs are to be inserted in a judgment or final order.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 753; Dec. Dig. § 197.*]

2. COSTS (§ 197*)—TAXATION BY CLERK—POWER OF COURT.

The court has power to refer the taxation of costs in any case to the clerk; the clerk's authority in such cases resting upon the order of the court, and not upon his statutory authority as the taxing officer.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 752–755; Dec. Dig. § 197.*]

3. MORTGAGES (§ 525*)—FORECLOSURE—SALE BY REFEREE—DUTY TO REPORT.

The referee to sell in foreclosure must file a report of sale, accompanied with proper vouchers showing the disposition of the purchase money, amount of the surplus, if any, and its payment to the proper officer, and, if he refuses to make such a report, a motion can properly be made to compel him to do so, and the propriety of his expenditures may be raised upon the coming in of that report, and the fact that he has in his hands a sum of money applicable to the payment of costs awarded to a party's attorney, which the attorney refuses to receive, would be no grounds for indefinite delay of the report.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 525.*]

4. MORTGAGES (§ 526*) — FORECLOSURE — SALE BY REFEREE — ACCEPTANCE OF COSTS—WAIVER.

Plaintiff could receive the sum admittedly in the hands of the referee applicable to payment of his attorney fees, though not sufficient to pay in full the amount awarded, without waiving the right to object to the referee's disbursements claimed to have so depleted the amount in his hands, when the report is filed.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 526.*]

Appeal from Special Term, New York County.

Action by William Carter against the Builders' Construction Company and others. From an order denying plaintiff's motion to tax bill of costs and disbursements, plaintiff appeals. Affirmed.

See, also, 118 N. Y. Supp. 1098.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

George A. Stearns, for appellant.
Sampson K. Weinhandler, for respondent.

SCOTT, J. The plaintiff appeals from an order denying his motion that the referee appointed to sell in an action to foreclose a mortgage be required "to tax his bill of costs and disbursements herein forthwith and to pay to the attorney for the plaintiff herein the costs awarded by the judgment so far as the funds received by the sale will permit." The purpose of this motion, as disclosed by the moving papers and the appellant's brief, is to compel the referee to tax his fees and disbursements before the clerk. The affidavits show that by the judgment the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

plaintiff's attorney was awarded costs to the amount of $397.04. The property sold for $1,000, and the real purpose of this motion is to call in question the disbursements which the referee has made out of the purchase price, as a result of which there does not remain in his hands sufficient money to pay, in full, the costs awarded plaintiff's attorney. The disbursements appear to include the expenses of advertising, a sum paid to the auctioneer upon adjournments of the sale, a sum paid to a purchaser who had been relieved of his bid, and the referee's own fees and disbursements. The facts concerning these payments are not stated with sufficient particularity to enable the court to pass upon them. It is undoubtedly the plaintiff's right to object to any of these payments, and to ask that the court shall pass upon their propriety.

The only question is as to how the matter shall be brought before the court. The authority of the clerk to tax costs upon the application of a party, and without an express order of the court, is to be found in section 3262 of the Code of Civil Procedure. A critical reading of that section in conjunction with those which immediately follow it shows that it was intended to apply to cases in which costs are to be inserted in a judgment or final order. Undoubtedly the court has the power, which is frequently exercised, to refer the taxation to costs in any case to the clerk, as, for instance, when costs are directed to be paid as a condition of granting or denying a motion. So also the court has in some cases, by especial direction, ordered that the fees of a referee should be taxed by the clerk in the first instance. In such cases, however, the authority of the clerk to tax the costs rests upon the order of the court, and not upon his statutory authority as the taxing officer. The status of a referee to sell in foreclosure is closely analogous to that of a receiver, except that he is vested with no title to the property involved. He is required to sell, to receive the proceeds of the sale, and to disburse strictly as directed by the decree. His fees are precisely fixed by the statute. In the course of executing his duties, he is of necessity required to make certain disbursements. He must pay the surplus moneys into court within five days after the same shall be received and be ascertainable, and must make and file a report of sale, accompanied with proper vouchers showing the disposition of the purchase money, the amount of the surplus if any, and its payment to the proper officer. If a referee refuses to make such a report, a motion can properly be made to compel him to do so, and the propriety of his expenditures can be raised upon the coming in of that report. In the present case it appears that no such report has been filed; the reason given by the referee for not filing it being that he has in his hands a sum of money applicable to the payment of the costs awarded to the plaintiff's attorney, which the latter refuses to receive. The filing of the report should not be delayed indefinitely for this reason. The referee should file his report showing his payments, and stating the amount he retains, and why, and asking the direction of the court. Notice of such filing should be given to the plaintiff's attorney, who may then take such action as he deemed proper to call in question the disbursements charged by the referee against the purchase money. We

see no reason why the plaintiff may not receive the sum which the referee admittedly has in his hands applicable to the payment of such costs, without waiving in any way the right to object to the referee's disbursements when the appropriate time arrives.

It follows that the order appealed from must be affirmed, but without costs to either party in this court. All concur.